IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, STATE OF FLORIDA
CIVIL DIVISION

BRENT YESSIN

    Plaintiff,

v

THE CITY OF TAMPA, FLORIDA,
a MUNICIPAL CORPORATION, OFFICER MICHAEL
LEAVY, OFFICER JOSEPH REESE, OFFICER DUSTIN
KENNEDY AND OFFICER SHANNON MURPHY

    Defendant,

_____/

CASE NO. #  **12  019779**

DIVISION:  **DIVISION B**

RECEIVED
DEC 19 2012
CLERK OF THE CIRCUIT COURT
HILLSBOROUGH COUNTY
CIRCUIT CIVIL DIVISION

## COMPLAINT

COMES NOW, Plaintiff, BRENT YESSIN, by and through his undersigned counsel and sues Defendant, THE CITY OF TAMPA, FLORIDA, a MUNICIPAL CORPORATION, (herein after "CITY OF TAMPA"), OFFICER MICHAEL LEAVY, OFFICER DUSTIN KENNEDY, OFFICER SHANNON MURPHY and OFFICER JOSEPH REESE and alleges:

## GENERAL ALLEGATIONS

1. This is a civil action for damages which exceed Fifteen Thousand Dollars ($15,000.00) exclusive of interest, costs, and attorneys' fees.

2. At all times material hereto, Plaintiff, Brent Yessin ("Mr. Yessin"), was and continues to be a citizen of the United States of America and a resident of Tampa, Hillsborough County, Florida.

3. At all times material hereto, the Defendant, City of Tampa, was a duly incorporated municipality organized and existing under the laws of the state of Florida and located in Hillsborough County, Florida.

4. At all times material hereto, the Defendants, Michael Leavy, Joseph Reese, Dustin Kennedy and Shannon Murphy were police officers employed by the City of Tampa.

5. The City of Tampa resides in Hillsborough County, Florida, where its principal offices are located. Therefore, venue is proper in Hillsborough County, Florida.

6. This action arises under and is brought pursuant to 42 U.S.C. § 1983 to remedy the deprivation, under color of state law, of rights guaranteed by the Fourth and the Fourteenth Amendment to the United States Constitution to be free of the use of excessive during arrest. This Court has concurrent jurisdiction pursuant to 42 U.S.C. §1983 and the Constitution of the State of Florida.

7. On or about September 30, 2010, Mr. Yessin, furnished Defendant, City of Tampa, together with the Department of Financial Services, with a written notice of claim via certified mail, return receipt requested pursuant to Florida Statute §768.28. A period of time exceeding six (6) months has transpired since the notice of claim was furnished to the City of Tampa by Mr. Yessin. Mr. Yessin complied with all conditions precedent, prior to the filing of this civil action. A true and correct copy of the written notice of claim is attached hereto as "Exhibit A".

## STATEMENT OF FACTS

8. On or about December 21, 2008 several officers employed by the Tampa Police Department, including Officer Robert Newberry (Officer Newberry), responded to an alleged physical altercation involving two females inside the bar area of SideBern's Restaurant.

9. When the officers arrived, the two females, later identified as Aimee Dias and Jodi Jacolow, were still arguing; however, there was no physical altercation observable by the Tampa Police Department officers.

10. Upon arrival of the officers, Mr. Yessin was a patron inside the SideBern's Restaurant and was not involved in the verbal argument between the two females and there was no

reasonable suspicion to believe he was involved in the physical altercation that gave rise to the call by management of the SideBern's restaurant to the Tampa Police Department. In fact, the management of SideBern's informed the Tampa Police Department that Mr. Yessin was not involved.

11. As of December 21, 2008, Mr. Yessin, was a personal and business acquaintance of Jodi Jacolow.

12. After briefly speaking with the management of SideBern's, Officer Newberry along with other Tampa Police Department officers escorted Ms. Dias and Ms. Jacolow outside of the restaurant and to the adjacent parking lot to obtain their separate accounts of what occurred prior to the arrival of the Tampa Police Department officers.

13. Officer Newberry interviewed Ms. Dias first and then proceeded to interview Ms. Jacolow. During Officer Newberry's interview with Ms. Jacolow, he granted Ms. Jacolow the opportunity to speak with Mr. Yessin to advise Ms. Jacolow of her constitutional right to remain silent and her constitutional right to assistance of counsel.

14. During the investigatory detention of Ms. Dias and Ms. Jacolow, Officer Newberry did not have an intention of arresting either female. Additionally, Officer Newberry determined the situation to be under control while the interview of Ms. Dias and Ms. Jacolow proceeded in the outside parking lot.

15. At all times material hereto, Mr. Yessin was licensed and authorized to practice law in the state of Florida.

16. Having overheard the discussion between Mr. Yessin and Ms. Jacolow, Officer Newberry requested that Mr. Yessin leave the area and he resumed his interview of Ms. Jacolow. In response to Officer Newberry's request, Mr. Yessin terminated his conversation with Ms. Jacolow and stepped away from the immediate area where Officer Newberry was interviewing Ms. Jacolow.

17. Officer Newberry ultimately concluded his interviews of Ms. Dias and Ms. Jacolow and determined there was no basis to arrest either Ms. Dias or Ms. Jacolow for the commission of criminal offenses.

18. In the order granting Mr. Yessin's Motion To Dismiss all charges, the trial court correctly determined that during the encounter between Mr. Yessin and Officer Newberry, Mr. Yessin did not physically touch or threaten Officer Newberry or Ms. Jacalow and Officer Newberry was not in fear for his safety due to the presence of Mr. Yessin. (see attached "Exhibit B")

19. After stepping away from the immediate area of the interview between Officer Newberry and Ms. Jacolow, Mr. Yessin stood in the SideBern's parking lot near the area of the valet station. On arrival at SideBern's, Mr. Yessin's vehicle was parked by valet attendants and the key to his vehicle was in the possession of valet attendants.

20. As Mr. Yessin stood in the area described in paragraph 16 above, he was approached in an aggressive manner by two Tampa Police officers, Defendants, Officer Michael Leavy and Officer Joseph Reese, who shouted to Mr. Yessin that he should leave the SideBern's parking lot. Mr. Yessin responded to the verbal remarks by officers Leavy and Reese by informing them of his right to remain standing in the parking lot and requested information to assist in identifying the police officers on the scene of SideBern's.

21. Mr. Yessin's assertion of rights and request for information was met by use of excessive force and unreasonable restraint by four (4) Tampa Police Department officers, Defendants, Officer Michael Leavy, Officer Dustin Kennedy, Officer Shannon Murphy, and Officer Joseph Reese.

22. The force used by Officer Dustin Kennedy, Officer Michael Leavy, Officer Shannon Murphy, and Officer Joseph Reese against Mr. Yessin, included but was not limited to, the following:

a) Delivering blows to multiple parts of Mr. Yessin's body through the use of punches, kicks, knee blasts, and elbow blasts.

b) Forcibly slamming Mr. Yessin to an asphalt surface with the weight of four (4) separate police officers with sufficient severity to result to facial abrasions and bleeding.

c) Executing a knee strike to the side of Mr. Yessin's right leg.

d) Bending Mr. Yessin's wrist in order to inflict pain.

23. In connection with the force described in paragraph 22 above, Mr. Yessin was arrested or otherwise restrained against his will, handcuffed, restrained in a secure area of a Tampa Police cruiser, and transported to the Orient Road jail in Hillsborough County, Florida where the restraint against his will continued as a result of a direct procurement or indirect procurement by employees of the City of Tampa Police Department identified in paragraph 22 above (hereinafter "involved officers").

24. At no time prior to the above described arrest and use of physical force against Mr. Yessin, did Mr. Yessin physically touch or threaten Officer Newberry or any of the involved officers. Neither Officer Newberry or any of the involved officers were in fear for their safety due to his presence in the SideBern's parking lot.

25. At the time of the arrest of Mr. Yessin and the use of force against Mr. Yessin, neither Officer Newberry or any of the involved officers were in the process of executing an arrest or search warrant and were not seeking emergency assistance from anyone at the scene of Mr. Yessin's arrest.

26. In connection with Mr. Yessin's arrest and intentional unauthorized restraint against him, Officer Michael Leavy executed a criminal report affidavit describing Mr. Yessin's conduct as a violation of Florida Statute § 843.02, resisting officer without violence to his or her person, in order to directly and/or indirectly procure the initiation of criminal charges against Mr. Yessin and to describe the basis for his arrest on December 21, 2008.

27. The criminal charge instituted against Mr. Yessin for his alleged violation of Florida Statute §843.02 was dismissed pursuant to an order granting Defendant's Motion to Dismiss issued on July 8, 2009 (see attached "Exhibit B"), and the dismissal was upheld on appeal by the Appellant Division in the Thirteenth Judicial Circuit Court for Hillsborough County, Florida on July 14, 2010 (see attached "Exhibit C").

28. At the time of Mr. Yessin's arrest and the force used against him as described in paragraphs 21 & 22 above, the involved officers were acting within the scope of their employment with the City of Tampa Police Department, and acting under the color of state law.

## COUNT I

## EXCESSIVE USE OF FORCE BY DEFENDANT, MICHAEL LEAVY, INDIVIDUALLY, PURSUANT TO 42 U.S.C. § 1983

29. Mr. Yessin adopts and re-avers the allegations set forth in paragraphs 1-28 above as if fully set forth herein.

30. The use of force by officer Michael Leavy upon Mr. Yessin, as set forth above, was objectively unreasonable and excessive, in violation of Mr. Yessin's clearly established constitutional rights under the Fourth and Fourteenth Amendments and 42 U.S.C.§ 1983.

31. The arrest of Mr. Yessin without probable cause for the charge of resisting without violence was an unconstitutional seizure of Mr. Yessin by Officer Leavy under color of state law.

32. The actions of Officer Leavy against Mr. Yessin were intentional, malicious, reckless, and done without regard for the health, safety, welfare, or reputation of Mr. Yessin.

33. Officer Leavy's actions in attempting to seize Mr. Yessin's person were unreasonable, unjustified, unnecessary, and excessive to effect any lawful purpose that Officer Leavy may have sought to accomplish. Such actions constituted (1) an unreasonable of Mr. Yessin under the 4th and 14th Amendments to the United States Constitution (2) a

deprivation of life and liberty without due process of law under the 5th and 14th Amendments to the United States Constitution, and (3) a violation of Mr. Yessin's right to freely associate with others under the 1st and 14th Amendments to the United States Constitution.

34. As a direct and proximate result of the acts officer Michael Leavy described above, in violation of 42 U.S.C. § 1983, Mr. Yessin has been brought into public scandal, suffered great humiliation, damaged reputation, physical injury, physical pain and suffering, mental anguish, loss of the capacity for enjoyment of life, loss of earnings and loss of earning capacity. Mr. Yessin's physical injuries are permanent and continuing in nature. WHEREFORE, plaintiff, Brent Yessin, seeks judgment in his favor and against officer Michael Leavy for compensatory damages in excess of $15,000.00, exemplary damages, costs of suit, reasonable attorney's fees, pursuant to 42 U.S.C. § 1988 and such other relief as this Court deems just and appropriate.

## COUNT II
## EXCESSIVE USE OF FORCE BY DEFENDANT, OFFICER DUSTIN KENNEDY, INDIVIDUALLY, PURSUANT TO 42 U.S.C. § 1983

35. Mr. Yessin adopts and re-avers the allegations set forth in paragraphs 1-28 above as if fully set forth herein.

36. The use of force by officer Dustin Kennedy upon Mr. Yessin, as set forth above, was objectively unreasonable and excessive, in violation of Mr. Yessin's clearly established constitutional rights under the Fourth and Fourteenth Amendments and 42 U.S.C.§ 1983.

37. The arrest of Mr. Yessin without probable cause for the charge of resisting without violence was an unconstitutional seizure of Mr. Yessin by Officer Kennedy under color of state law.

38. The actions of Officer Kennedy against Mr. Yessin were intentional, malicious, reckless, and done without regard for the health, safety, welfare, or reputation of Mr. Yessin.

39. Officer Kennedy's actions in attempting to seize Mr. Yessin's person were unreasonable, unjustified, unnecessary, and excessive to effect any lawful purpose that Officer Kennedy may have sought to accomplish. Such actions constituted (1) an unreasonable of Mr. Yessin under the 4th and 14th Amendments to the United States Constitution (2) a deprivation of life and liberty without due process of law under the 5th and 14th Amendments to the United States Constitution, and (3) a violation of Mr. Yessin's right to freely associate with others under the 1st and 14th Amendments to the United States Constitution.

40. As a direct and proximate result of the acts officer Dustin Kennedy described above, in violation of 42 U.S.C. § 1983,  Mr. Yessin has been brought into public scandal, suffered great humiliation, damaged reputation, physical injury, physical pain and suffering, mental anguish, loss of the capacity for enjoyment of life, loss of earnings and loss of earning capacity.  Mr. Yessin's physical injuries are permanent and continuing in nature. WHEREFORE, plaintiff, Brent Yessin, seeks judgment in his favor and against officer Dustin Kennedy for compensatory damages in excess of $15,000.00, exemplary damages, costs of suit, reasonable attorney's fees, pursuant to 42 U.S.C. § 1988 and such other relief as this Court deems just and appropriate.

## COUNT III
## EXCESSIVE USE OF FORCE BY DEFENDANT, OFFICER SHANNON MURPHY, INDIVIDUALLY, PURSUANT TO 42 U.S.C. § 1983

41. Mr. Yessin adopts and re-avers the allegations set forth in paragraphs 1-28 above as if fully set forth herein.

42. The use of force by officer Shannon Murphy upon Mr. Yessin, as set forth above, was objectively unreasonable and excessive, in violation of Mr. Yessin's clearly established constitutional rights under the Fourth and Fourteenth Amendments and 42 U.S.C.§ 1983.

43. The arrest of Mr. Yessin without probable cause for the charge of resisting without violence was an unconstitutional seizure of Mr. Yessin by Officer Murphy under color of state law.

44. The actions of Officer Murphy against Mr. Yessin were intentional, malicious, reckless, and done without regard for the health, safety, welfare, or reputation of Mr. Yessin.

45. Officer Murphy's actions in attempting to seize Mr. Yessin's person were unreasonable, unjustified, unnecessary, and excessive to effect any lawful purpose that Officer Murphy may have sought to accomplish. Such actions constituted (1) an unreasonable of Mr. Yessin under the 4th and 14th Amendments to the United States Constitution (2) a deprivation of life and liberty without due process of law under the 5th and 14th Amendments to the United States Constitution, and (3) a violation of Mr. Yessin's right to freely associate with others under the 1st and 14th Amendments to the United States Constitution.

46. As a direct and proximate result of the acts officer Shannon Murphy described above, in violation of 42 U.S.C. § 1983, Mr. Yessin has been brought into public scandal, suffered great humiliation, damaged reputation, physical injury, physical pain and suffering, mental anguish, loss of the capacity for enjoyment of life, loss of earnings and loss of earning capacity. Mr. Yessin's physical injuries are permanent and continuing in nature. WHEREFORE, plaintiff, Brent Yessin, seeks judgment in his favor and against officer Shannon Murphy for compensatory damages in excess of $15,000.00, exemplary damages, costs of suit, reasonable attorney's fees, pursuant to 42 U.S.C. § 1988 and such other relief as this Court deems just and appropriate.

## COUNT IV

## EXCESSIVE USE OF FORCE BY DEFENDANT, OFFICER JOSEPH REESE, INDIVIDUALLY, PURSUANT TO 42 U.S.C. § 1983

47. Mr. Yessin adopts and re-avers the allegations set forth in paragraphs 1-28 above as if fully set forth herein.

48. The use of force by officer Joseph Reese upon Mr. Yessin, as set forth above, was objectively unreasonable and excessive, in violation of Mr. Yessin's clearly established constitutional rights under the Fourth and Fourteenth Amendments and 42 U.S.C.§ 1983.

49. The arrest of Mr. Yessin without probable cause for the charge of resisting without violence was an unconstitutional seizure of Mr. Yessin by Officer Reese under color of state law.

50. The actions of Officer Reese against Mr. Yessin were intentional, malicious, reckless, and done without regard for the health, safety, welfare, or reputation of Mr. Yessin.

51. Officer Reese's actions in attempting to seize Mr. Yessin's person were unreasonable, unjustified, unnecessary, and excessive to effect any lawful purpose that Officer Reese may have sought to accomplish. Such actions constituted (1) an unreasonable of Mr. Yessin under the 4th and 14th Amendments to the United States Constitution (2) a deprivation of life and liberty without due process of law under the 5th and 14th Amendments to the United States Constitution, and (3) a violation of Mr. Yessin's right to freely associate with others under the 1st and 14th Amendments to the United States Constitution.

52. As a direct and proximate result of the acts officer Joseph Reese described above, in violation of 42 U.S.C. § 1983, Mr. Yessin has been brought into public scandal, suffered great humiliation, damaged reputation, physical injury, physical pain and suffering, mental anguish, loss of the capacity for enjoyment of life, loss of earnings and loss of earning capacity. Mr. Yessin's physical injuries are permanent and continuing in nature. WHEREFORE, plaintiff, Brent Yessin, seeks judgment in his favor and against officer Joseph Reese for compensatory damages in excess of $15,000.00, exemplary damages,

costs of suit, reasonable attorney's fees, pursuant to 42 U.S.C. § 1988 and such other relief as this Court deems just and appropriate.

## COUNT V

## CITY OF TAMPA, PURSUANT TO 42 U.S.C. § 1983, FOR A CUSTOM, POLICY, PRACTICE OR PROCEDURE THAT PERMITTED PLAINTIFF'S CONSTITUTIONAL RIGHTS TO BE VIOLATED

53. Mr. Yessin adopts and re-avers the allegations set forth in paragraphs 1-28 above as if fully set forth herein.

54. At all times relevant hereto the police officers of the City of Tampa routinely engaged in a course of conduct whereby they arrested citizens pursuant to Florida Statute § 843.02, resisting officer without violence, without probable cause. The purpose of these arrests were to gain an advantage in the prosecution of another person or simply because they deemed the citizen to be a nuisance whom needed to be taught a lesson and/or purposes of intimidation of law abiding citizens.

55. That prior to December 21, 2008, defendant officer Michael Leavy engaged in this course of conduct when he arrested Brenda Bellay on March 31, 2005 and she was charged with violating Florida Statue § 843.02. As the charges were without merit, they were dismissed by the State's Attorney on June 2, 2005. The dismissal was based upon the state's attorney's review of video evidence that completely supported Ms. Bellay's version of events, however following the state attorney's dismissal of the false charges, Officer Leavy was in no way disciplined or reprimanded by the City of Tampa.

56. Ms. Bellay subsequently sued the City of Tampa for false arrest in the Circuit Court of the Thirteenth Judicial Circuit, Hillsborough County, case number 08-02934. A jury awarded Ms. Bellay $56,720.00 and this verdict was affirmed on appeal by the Second District Court of Appeals. By the 2nd District Court of Appeals and the City of Tampa

ultimately contended that Officer Leavy's conduct was willful and wanton; however the City of Tampa took no disciplinary action against Officer Leavy.

57. Upon information and belief, the misconduct of officer Leavy is not an isolated incident and other officers of the City of Tampa Police Department arrested citizens pursuant to Florida Statute § 843.02, without probable cause. Following dismissals or acquittals of citizens on the charges of resisting arrest without violence, the City of Tampa routinely failed to supervise the arresting officers through appropriate disciplinary action. The City of Tampa's failure to supervise and/or discipline the arresting officers resulted in the custom, practice, or defacto policy by the City of Tampa on December 21, 2008 of tolerating false arrest and excessive force connected to arrest on the charge of resisting arrest without violence without probable cause.

58. On December 21, 2008, the City of Tampa was fully aware of the misconduct of officer Michael Leavy as stated in paragraph 43 and similar misconduct of other City of Tampa Police offices, yet failed to take any action to end the offensive conduct of arresting citizens pursuant to Florida Statute § 843.02, without probable cause and associated excessive force. Thereby, the City of Tampa tacitly authorized this offensive conduct of Officer Leavy and other police officers of the City of Tampa Police Department and was the moving force for a pervasive, widespread practice of unconstitutional misconduct within the City of Tampa Police Department against private citizens.

59. As a direct and proximate result of the City of Tampa's informal approval of the aforesaid misconduct, it created a custom, policy, practice or procedure that caused the unconstitutional deprivation of rights of citizens, including but not limited to, the constitutional rights of Mr. Yessin , as protected by 42 U.S.C § 1983.

60. As a direct and proximate result of the acts of the City of Tampa described above, in violation of 42 U.S.C. § 1983, Mr. Yessin has been brought into public scandal, suffered great humiliation, damaged reputation, physical injury, physical pain and suffering,

mental anguish, loss of the capacity for enjoyment of life, loss of earnings and loss of earning capacity. Mr. Yessin's physical injuries are permanent and continuing in nature.

WHEREFORE, plaintiff, Brent Yessin, seeks judgment in his favor and against City of Tampa for compensatory damages in excess of $15,000.00, exemplary damages, costs of suit, reasonable attorney's fees, pursuant to 42 U.S.C. § 1988 and such other relief as this Court deems just and appropriate.

_____
Keith M. Carter, Esquire
Florida Bar #: 500364
Morgan & Morgan, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL  33602
Tele:  (813) 223-5505
Fax:   (813) 223-5402
Primary Email:
kmcpleadings@forthepeople.com
Secondary Email:
pwbrown@forthepeople.com
Attorney for Plaintiff