UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRENT YESSIN,

        Plaintiff,

v.  Case No. 8:13-cv-1252-T-33EAJ

THE CITY OF TAMPA,
FLORIDA, a Municipal
Corporation, OFFICER
MICHAEL LEAVY, OFFICER
JOSEPH REESE, OFFICER
DUSTIN KENNEDY, and OFFICER
SHANNON MURPHY,

        Defendants.
_____/

**ORDER**

This cause comes before the Court in consideration of Defendant Officers Michael Leavy, Joseph Reese, Dustin Kennedy, and Shannon Murphy's Motion to Recuse Judge Virginia M. Hernandez Covington (Doc. # 38), filed on May 7, 2014. Plaintiff Brent Yessin filed a response in opposition (Doc. # 39) on May 21, 2014. For the reasons stated below, Defendants' Motion is denied.

**Discussion**

According to 28 U.S.C. § 455(a), "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might

reasonably be questioned." 28 U.S.C. § 455. "The very purpose of § 455(a) is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 865 (1988).

28 U.S.C. § 455(a) embodies an objective standard. Parker v. Connors Steel Co., 855 F.2d 1510, 1523-24 (11th Cir. 1988). Therefore, the test is "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." Id. "[A]ny doubts must be resolved in favor of recusal." United States v. Patti, 337 F.3d 1317, 1321 (11th Cir. 2003). However, "a judge, having been assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous speculation." In re Moody, No. 13-12657, 2014 WL 948510, at *3 (11th Cir. Mar. 12, 2014)(quoting United States v. Greenough, 782 F.2d 1556, 1558 (11th Cir. 1986)).

In the Motion, Defendants concede that:

> [T]his Motion is not predicated by any actions by [Judge Covington] in the proceedings of this case to date. Instead, this Motion is occasioned by the unanticipated direction that *Discovery* has taken in these proceedings and the Plaintiff's obvious intent to strongly rely upon the case of Thompson v. Douds, 852 So. 2d 299 (Fla. 2d DCA 2003) in which

2

> Judge Covington participated as part of the 3 member panel of the Second District Court of Appeals that *reversed* a grant of Summary Judgment based on *Qualified Immunity* for the Defendant Tampa Officers in that case.

(Doc. # 38 at 1-2)(emphasis in original). According to Defendants, Plaintiff intends to strongly rely upon Thompson, and as a result, the Undersigned and the Defendants will be placed in a difficult situation as the Undersigned "will likely find herself in a position of defending the findings of the Second DCA Panel of which she was part. . . ." (Id. at 2). Likewise, Plaintiff's strong reliance upon Thompson will necessitate the Defendants arguing against the decision of Thompson and any nexus between Thompson and the instant case. (Id. at 2-3). "These prospective but most assured events," place Defendants in a position where they would "reasonably question and fear" the Undersigned's impartiality in separating the holdings in Thompson from any prospective ruling in this case. (Id. at 3).

Applying the objective test, Defendants posit that "a *lay observer* would share their collective, prospective concerns/doubts over what impartiality can be expected where any jurist finds themselves in the unenviable position of defending a prior decision that may affect a decision in a

3

later case, especially where many of the . . . issues are the same." (Id. at 5)(emphasis in original).

In response, however, Plaintiff contends that the holding in Thompson is simply one of many court decisions it will rely upon in prosecuting this action. (Doc. # 39 at 2). Plaintiff states: "To argue Judge Covington cannot be impartial to the Defendant Tampa Officers because twelve (12) years ago in a different case, she ruled against different Tampa police officers, defies logic and reason. The grounds argued by [D]efendant Tampa Officers for disqualification of Judge Covington are not sufficient to cause an objective, disinterested layperson to have significant doubt about Judge Covington's impartiality." (Id. at 3).

Ordinarily, a judge's rulings in the same or a related case may not serve as the basis for a recusal motion. Jaffe v. Grant, 793 F.2d 1182, 1189 (11th Cir. 1986). Instead, the judge's bias must be personal and extrajudicial; it must derive from something other than that which the judge learned by participating in the case. Id. at 1188–89. An exception to this general rule, however, occurs when the movant demonstrates "pervasive bias and prejudice." Id. at 1189; see Liteky v. United States, 510 U.S. 540, 555 (1994) ("opinions formed by the judge on the basis of facts introduced or events

4

occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make judgment impossible.").

Here, Defendants' allegations of potential bias stem merely from disagreement with the ruling in Thompson. The alleged bias is thus judicial rather than personal in nature. The Undersigned is not persuaded that any judicial involvement in Thompson renders her unable to preside impartially over the present case. The Undersigned was impartial when ruling in Thompson, and has every intention to remain impartial in the present action.

Upon consideration of the arguments provided by Defendants, the Undersigned finds that her involvement in Thompson would not cause a reasonable person to question her impartiality. Accordingly, Defendants' Motion is denied.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

Defendant Officers Michael Leavy, Joseph Reese, Dustin Kennedy, and Shannon Murphy's Motion to Recuse Judge Virginia M. Hernandez Covington (Doc. # 38) is **DENIED**.

5

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>22nd</u> day of May, 2014.

                                          VIRGINIA M. HERNANDEZ COVINGTON
                                          UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record